# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| NILJKA Y. WRIGHT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00278-P |
| § | |
| ARLINGTON INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Arlington Independent School District's ("AISD") Motion to Dismiss (ECF No. 21), Plaintiff Niljka Y. Wright's ("Wright") Response (ECF No. 23), and AISD's Reply (ECF No. 24). Having considered the Motion to Dismiss, related briefing, and applicable law, the Court finds that AISD's Motion to Dismiss should be and is hereby **GRANTED.**

## BACKGROUND[1]

Wright worked for a number of years as an employee of AISD, most recently as a Title I Liaison. Pl.'s First. Am. Compl. at ¶ 8, ECF No. 26 ("FAC"). Wright alleges that while she was employed by AISD, AISD personnel systematically mistreated her. *Id*. at ¶ 12. Wright further alleges that AISD personnel took no action to prevent or stop the mistreatment and also retaliated against her for reporting the alleged misconduct.

---

[1]Unless otherwise noted, this background section is comprised of the factual allegations in Wright's First Amended Complaint (ECF No. 18). *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

*Id*. The mistreatment that Wright allegedly suffered includes but is not limited to: unwanted and inappropriate touching by a supervisor; having papers thrown at her; being screamed at; having her schedule unilaterally changed; invasion of her privacy; being surveilled while at work; receiving harassing emails; and being discriminating against based on her age, disability, ethnicity, and sex. *Id*. at 7–22.

On September 28, 2016, Wright filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division alleging violations of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Def.'s App. Supp. Mot. Dismiss Ex. A, ECF No. 22 ("EEOC Documents").[2]

On March 6, 2017, after reviewing her complaint, the U.S. Equal Employment Opportunity Commission ("EEOC") adopted the Texas Workforce Commission's findings and issued a "Dismissal and Notice of Rights," or right-to-sue letter, which stated, in part, as follows: "You may file a lawsuit against the respondent under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." *Id.* (emphasis in original).

---

[2] In its Appendix in Support of Defendant's Motion to Dismiss, AISD submitted a number of documents issued by the EEOC which authorized Wright to file a lawsuit against AISD. *See* ECF No. 22. These documents were not included or referenced in Wright's complaint or response. However, in her response to AISD's Motion to Dismiss, she did not object to these or dispute that she had received them. The Court hereby takes judicial notice of these documents as they are matters of public record. *See Hooker v. Dallas Independent School District*, No. 3:09-CV-0676-G-BH, 2010 WL 4025776, at *10 (N.D. Tex. Sept. 13, 2010).

Wright did not file suit within the ninety days but instead, on February 1, 2018, she filed a second charge with the Texas Workforce Commission Civil Rights Division—this time alleging retaliation under Title VII. On August 6, 2018, after reviewing her complaint, the EEOC adopted the Texas Workforce Commission's findings and issued a second "Dismissal and Notice of Rights," or right-to-sue letter, which again stated that Wright had ninety-days to file a lawsuit against AISD. *Id.* at Ex. C.

On October 29, 2018—eighty-three days after receiving her second right-to-sue letter—Wright filed an amended complaint and attempted to intervene as a plaintiff in an existing lawsuit against AISD, *Garza v. Arlington Indep. Sch. Dist.*, Cause No. 4:18-cv-00829-P (Pittman, J.).[3] On March 1, 2019, the Court ordered the unfiling of that amended complaint as it was deficient. *Id.* at ECF No. 19.

Then on April 2, 2019—one hundred and fourteen days after receiving her second right-to-sue letter—Wright filed the underlying civil action against AISD, ECF No. 1. On May 30, 2019, Wright filed her First Amended Complaint in which she alleges violations of the ADEA, ADA, Fair Labor Standards Act ("FLSA"), Title VI of the Civil Rights Act ("Title VI"), Title VII, and U.S.C. § 1983, ECF No. 18. AISD filed a Motion to Dismiss on June 3, 2019, ECF No. 21, Wright filed a Response on June 18, 2019, ECF No. 23, and AISD filed its reply on June 24, 2019, ECF No. 24. This motion is now ripe for review.

---

[3] The Court takes judicial notice of its own records in *Garza v. Arlington Indep. Sch. Dist.*, Cause No. 4:18-cv-00829-P. *See Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978).**Error! Main Document Only.**

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier*, 509 F.3d at 675. The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

In evaluating the sufficiency of a complaint, courts consider the complaint in its entirety, as well as documents incorporated by reference and matters of which a court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). The Fifth Circuit has affirmed that "it is clearly proper" for a court deciding a 12(b)(6) motion to take judicial notice of matters of public record. *Funk*, 631 F.3d at 783 (citation omitted); *see*

*Terrebonne v. Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981) ("Absent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports."); *see also Hooker*, 2010 WL 4025776, at *10 (taking judicial notice of an agency administrative decision that was public record when evaluating limitations in an employment discrimination case, without converting a motion for judgment on pleadings to a motion for summary judgment); *Wilson v. Lockheed Martin Corp.*, No. 03-2276, 2003 WL 22384933, at *2 (E.D. La. Oct. 15, 2003) ("Any reference to EEOC documents . . . does not convert the 12(b)(6) motion to a motion for summary judgment."). Further, it is well-settled that a court may take judicial notice of its own records or of those of inferior courts. *See Kinnett Dairies, Inc.* 580 F.2d 1260, 1277 n.33 (5th Cir. 1978).

## ANALYSIS

**A.  Wright's Title VII, ADA and ADEA Claims are Time Barred**

"Under Title VII, the ADA, and the ADEA, a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC." *See* 42 U.S.C. § 2000e-5(f)(1) (2011); *January v. Texas Dep't of Criminal Justice*, 760 F. App'x 296, 299 (5th Cir. 2019). Wright had ninety days from the receipt of her right-to-sue letter to file a lawsuit against AISD. While the Court does not know the exact date on which Wright received the initial right-to-sue letter, courts have generally presumed receipt within seven days after the letter was mailed, and Wright does not allege that she did not receive the letter. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Wright's first right-to-sue letter was mailed on March 6, 2017, but she did not file a lawsuit against AISD until April 2, 2019. *See* EEOC Documents at Ex. B; ECF No. 1. A period of

over two years passed from the date Wright received her right-to-sue letter to the date when she actually filed her lawsuit against AISD. As a result, Wright's lawsuit is not timely, and her claims under the ADEA, ADA, and Title VII are time-barred.

On August 6, 2018, the EEOC mailed Wright a second right-to-sue letter for retaliation that she allegedly suffered at the hands of AISD personnel. *Id* at Ex. C. Again, Wright had ninety days from the receipt of this letter to file a lawsuit. On October 29, 2018, Wright filed an amended complaint and attempted to intervene as a plaintiff in an existing lawsuit against AISD. *See Garza* No. 4:18-cv-00829-P, ECF No. 19. This was 83 days after the issuance of the second right-to-sue letter. On March 1, 2019, the Court ordered the unfiling of that amended complaint as it was deficient. *Id*. at ECF No. 26. Without citing any support, Wright unequivocally asserts that the Court "had deemed her matter to be in abeyance" after the amended complaint was unfiled Pl.'s Br. Opp. MTD at 6, ECF No. 23. ("Wright Response"). Having taken judicial notice of the filings in that proceeding, and having reviewed the relevant docket entries, the Court finds this assertion to be wholly untruthful. The Court was unable to find any order or action which would indicate to Wright that her case had been abated.

But even assuming *arguendo* that the ninety-day window was tolled or abated, after the Court unfiled Wright's lawsuit, she had just seven days left to file her lawsuit. But Wright did not file this lawsuit until April 2, 2019—thirty-one days after her initial attempted intervention had been unfiled. *See* ECF No. 1. Therefore, a total of one hundred and fourteen days had passed since Wright received her second right-to-sue letter. So,

Wright's lawsuit is not timely, and her claims for retaliation under Title VII are also time barred.

Therefore, AISD's Motion to Dismiss Wright's claims under the ADEA, ADA, and Title VII is **GRANTED** and Wright's claims under the ADEA, ADA, and Title VII are hereby **DISMISSED WITH PREJUDICE**.

**B.     Title VI and U.S.C. § 1983 Violations**

In counts four and six of Wright's First Amended Complaint, Wright alleges that since AISD allegedly violated Title VII, the ADEA, the ADA, and the FLSA, that AISD also violated Title VI and U.S.C. § 1983.[4] *See* FAC at 19 & 21. Wright provides the Court with a number of threadbare assertions that AISD violated Title VI and U.S.C. § 1983. *Id*. Wright provides no information or citation to support these threadbare assertions. *Id*.

As such, Wright has not met the threshold pleading burden to overcome AISD's Motion to Dismiss, and her claims under Title VII and U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

**C.     FMLA**

In count six of her complaint, titled "Violations of the FMLA," Wright provides the Court with a single conclusory assertion that AISD violated the Family and Medical Leave Act of 1983 ("FMLA"). Wright provides no additional information or citation to support

---

[4]Violations of Title VI and U.S.C. § 1983 are not enforced by the EEOC, and thus are not subject to the ninety-day time limit to file a lawsuit. *See* WORKPLACE LAWS NOT ENFORCED BY THE EEOC, https://www.eeoc.gov/laws/other.cfm (last visited Nov. 22, 2019). Therefore, these claims do not necessarily require dismissal simply because of Wright's failure to file her lawsuit within ninety days of receiving a right-to-sue letter from the EEOC.

this claim. As explained above, Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Wright has not provided the Court with more than the unadorned the-defendant-unlawfully-harmed-me accusation spoken of in *Iqbal.* As such, Wright has not met the threshold pleading burden to overcome AISD's Motion to Dismiss, and her claims under the FMLA are **DISMISSED WITH PREJUDICE**.

### D. FLSA

Finally, AISD seeks dismissal of count five of Wright's First Amended Complaint in which she alleges violations of the FLSA. In support of this claim, Wright provides the Court with three lines of barebones assertions. For a claim arising under the Fair Labor Standards Act ("FLSA"), "[m]ore is required of a plaintiff than an all-purpose pleading template with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Coleman v. John Moore Servs., Inc.,* No. CIV.A. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014). The court in *Coleman* granted the defendant's motion to dismiss a FLSA claim because the complaint contained no allegation that provided any factual context to form the basis of a FLSA violation. *Id.* Wright's allegations do not even rise to the level of the plaintiff's allegations in *Coleman.* Pl.'s Am. Compl. at ¶ 42. Accordingly, Wright has not met the threshold pleading burden to overcome AISD's Motion to Dismiss and her claims under the FLSA are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, the Court finds that AISD's Motion to Dismiss (ECF No. 21) should be and is hereby **GRANTED.** Accordingly, Wright's claims against AISD are hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **25th day** of **November, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE